1  **SHELLEY G. BRYANT - #222925**
   **AMANDA B. WHITTEN - #251160**
2  **BRYANT WHITTEN, LLP**
   8050 North Palm Avenue, Suite 210
3  Fresno, California 93711
   (559) 494-4910 Telephone
4  (559) 421-0369 Facsimile

5

6  Attorneys for Plaintiff, MATTHEW ANASTASI

7

8                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF CALIFORNIA
9

10

11  MATTHEW ANASTASI,                    )   Case No.
                                         )
12              Plaintiff,               )   **COMPLAINT FOR RETALIATION IN**
                                         )   **VIOLATION OF THE F.L.S.A. AND**
    vs.                                  )   **CALIFORNIA   LABOR   CODE,**
13                                       )   **WRONGFUL    TERMINATION,**
    ORACLE   AMERICA,   INC., and unknown )  **DAMAGES,   LIQUIDATED**
14  business   entity,   and DOES 1 through 20, ) **DAMAGES, INJUNCTIVE RELIEF,**
    inclusive,                           )   **ATTORNEYS' FEES AND PUNITIVE**
15                                       )   **DAMAGES**
                Defendants.              )
16  _____ )   **DEMAND FOR JURY TRIAL**

17

18        COMES NOW Plaintiff, MATTHEW ANASTASI, and alleges as follows:

19                       **DEMAND FOR JURY TRIAL**

20        1.    Plaintiff, MATTHEW ANASTASI  (hereinafter referred to as "Plaintiff"),  hereby

21  demands a jury trial.

22        2.    This is an action brought under the Fair Labor Standards, Title 28, United States Code,

23  Section 215(a)(3) ("FLSA"), the California Labor Code section 98.6, Article I, Section 8 of the

24  California Constitution, to secure protection against and to redress deprivation of his right to be free

25  of harassment, retaliation, and discrimination in employment, and the California Civil Code

26  subsection 3294 providing punitive damages for conscious disregard of Plaintiff's rights, all of which

27  provide a private right of action.

28  / / /

---

**PLAINTIFF'S COMPLAINT**

**PARTIES**

1

2      3.      Plaintiff, MATTHEW ANASTASI, is an adult person and is a resident of the County

3    of Placer,  State of California.  Plaintiff was, at all times herein, an employee covered by FLSA and

4    the California Labor Code.

5      4.      Defendant, Oracle America, Inc., is an unknown business entity doing business in

6    Placer County, California.  Oracle, was and is an employer as defined within the meaning of FLSA

7    and the California Labor Code section 233.

8      5.      The true names and capacities of the Defendants named herein as Does 1 through 25,

9    inclusive, whether individual, corporate, associate or otherwise, are unknown to the Plaintiff who,

10   therefore, sues such Defendants by fictitious names pursuant to California Code of Civil Procedure

11   §474.  Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under

12   such fictitious name is in some manner responsible for the wrongs and the damages as alleged below,

13   and in so acting was functioning as the owner, shareholder, principal, agent, servant, partner, joint

14   venturer, alter-ego, employee, proxy, managing agent, and principal of the co-Defendants, and in

15   performing the acts mentioned below was acting, at least in part, within the course and scope of such

16   authority as such agent, proxy, servant, partner, joint venturer, employee, alter-ego, managing agent,

17   and principal with the permission and consent of the co-Defendants.

18     6.      Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants

19   sued herein was, at all times relevant hereto, the employer, owner, shareholder, principal, joint

20   venturer, proxy, agent, employee, supervisor, representative, manager, managing agent, joint

21   employer  and/or alter-ego of the remaining Defendants, and was acting, at least in part, within the

22   course and scope of such employment and agency, with the express and implied permission, consent

23   and knowledge, approval and/or ratification of the other Defendants.  The above co-Defendants,

24   managing agents, and supervisors aided, abetted, condoned, permitted, approved, authorized and/or

25   ratified the unlawful acts described herein.

26   / / /

27   / / /

28   / / /

## CLAIMS

7.     This is an action brought against defendant Oracle for retaliation for complaining about the failure to pay wages earned and owed in violation of the FLSA.  The action further alleges that this retaliation violated the California Labor Code.

8.     The action further alleges that Oracle terminated Plaintiff in violation of Article I, Section 8 of the California Constitution, to secure protection against and to redress deprivation of his right to be free of harassment, retaliation, and discrimination in employment

9.     By this action, plaintiff seeks monetary relief for economic and non-economic damages, an award of attorneys fees and costs, and pursuant to Title 28, United States Code, Section 215(a)(3), injunctive relief, consisting of an order requiring defendant to cease and desist its unlawful practice of not paying wages earned and owed and discouraging employees from complaining about these things, and to reinstate plaintiff to the position he was employed in prior to being unlawfully terminated with retroactive seniority and other benefits, and liquidated (double) damages.

## JURISDICTION

10.     Jurisdiction over the subject matter of this action is established in this court, under Title *38, United States Code, Section 4323*.   This is the proper venue for this action, under Title *38, United States Code, Section 4323(b)*, in that defendant Oracle America maintains a place of business in this district.

11.     This court also has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

12.     The jurisdiction of this court is also invoked pursuant to 28 U.S.C. §1343(4).

13.     Plaintiff requests that the court exercise jurisdiction over her state law claims pursuant to 28 U.S.C. §1367(a).

## ALLEGATIONS

14.     At all times herein, Plaintiff was duly qualified and did perform his employment duties in a satisfactory manner.   Plaintiff performed and was willing to continue to perform all duties and responsibilities on his part to be performed, which duties and responsibilities were part of the employment relationship between Oracle and Plaintiff.

15.     Plaintiff worked for defendant Oracle for more than a decade.  He started in Rocklin, California, and worked in groups that were eliminated when Oracle outsourced work to India.  Oracle required Plaintiff to travel to India to train these workers who were to perform the outsourced work. While there, Plaintiff was kidnaped and released for a small sum of money.  Despite all of this, Plaintiff remained loyal to Oracle and performed his job well.  He was a top support sales account manager for the last six years of his employment.

16.     Oracle established Plaintiff's sales goals at the beginning of each year in a written compensation plan.   The plan set for the minimum sales required to earn a salary with no commission, and all sales targets that must be met in order to earn a commission.

17.     In 2010, Oracle sent Plaintiff a written compensation plan.  Plaintiff accepted the plan and it was effective in June 2010.  By the end of the sales year, Plaintiff had achieved approximately 131% of his sales goal and earned substantial  commission of several tens of thousands of dollars.

18.     At the end of the fourth quarter in 2011, Oracle announced phenomenal financial results.  However, Oracle schemed to get out of paying the full commission Plaintiff had earned.

19.     After the commission payment became due in or about June 2011, Oracle unlawfully changed Plaintiff's compensation plan retroactively so that he would be paid a much smaller commission.

20.     In or about July 2011, Plaintiff contacted Oracle's Ethics hotline and filed a complaint regarding the changes to Plaintiff's compensation plan.  Plaintiff was informed that the company could not retaliate against Plaintiff for logging the complaint.

21.     In or about August 2011, Plaintiff complained about this in writing to Juan Jones, Oracle's Senior Vice President of North America Support Sales. Sr. VP Jones responded in writing to Plaintiff, but refused to pay Plaintiff the amounts owed.

22.     Plaintiff continued to perform his job well and accepted the next year's written compensation plan. It was effective in or about June 2011.  The plan was essentially the same as the year before in that Plaintiff could earn a similar commission for similar performance.

23.     In or about October 2011, Oracle finally acted on Plaintiff's commission.   The company paid Plaintiff the remainder of the commissions he earned in 2010-2011.   Plaintiff

1    communicated with his managers about changing the compensation plan again as they were not

2    informed about the decision to pay Plaintiff prior to his receipt of this payment.

3        24.    As early as February 2012, Plaintiff realized that he was again on target to earn a

4    substantial commission based on his sales performance.  Plaintiff asked his regional manager if what

5    happened last year changed anything, or would he have to fight again in order to get paid the full

6    commission due.  The manager told Plaintiff to bring in as much business as possible.

7        25.    In April 2012, Plaintiff's senior director asked Plaintiff to meet with her during her

8    visit to Rocklin so he did.  She told Plaintiff that she was shocked and surprised by Oracle's decision

9    to pay him the commission due the prior year.  The director asked Plaintiff if he was happy in his

10   current role and what he wanted to do with his career.  Plaintiff said that he wanted to manage a team.

11   The senior director did not meet with any other non-management employees during the visit.

12       26.    By the end of May 2012, Plaintiff had earned another substantial commission because

13   he achieved approximately 145% of his sales goal. Shortly thereafter, Plaintiff was subjected to

14   adverse action and treatment.  He was stripped of his prestigious assigned sales territory in Southern

15   California.  Oracle demoted Plaintiff by transferring him to a fractured sales region that was located

16   in three other states in the South and on the East Coast.  Plaintiff had about 1/3 less contracts to renew

17   in this new territory as compared to his old territory.  This reduced his ability to earn as much money

18   and he complained about this to his new regional manager.  His new manager took no action in

19   response to his complaint.

20       27.    Oracle did not pay the money owed to Plaintiff at the end of June 2012.

21       28.    Plaintiff asked his manager whether he would be paid the full commission amount

22   owed and he claimed to have no information about it. On or about June 21, 2012, Plaintiff checked

23   the company's computerized compensation program and found that his commission payment was "on

24   hold."  He asked his former manager what was going on, and she claimed that he should be paid at

25   the end of July 2012.

26       29.    On or about June 29, 2012, a compensation analyst called Plaintiff and said she knew

27   that compensation was an issue and wanted to let him know that she reviewed his attainment and no

28   replan was required.  She promised Plaintiff would be paid the full amount due at the end of July

2012.  Plaintiff asked her to send him an email to memorialize her promise.  She stated that she had many more phone calls to make to other sales representatives and that she would email Plaintiff when she had time.  She never sent the email.

30.     In July 2012, Plaintiff again complained to his regional manager about the transfer to the smaller, out-of-state, territory.  Oracle took no action regarding this complaint either.

31.     On July 31, 2012, Oracle paid Plaintiff the entire commission that he was due.  However, the company did not pay another representative the commission he was due.  The other representative also over achieved the prior year but had not complained like Plaintiff.  The compensation analyst who told Plaintiff that he would be paid did not tell the other representative that he would be paid like she had told Plaintiff.  The other representative was simply told that he was being replanned, but was not given any details.  He was told by his management to wait and see what happened at the end of the week.

32.     On or about August 6, 2012, Oracle terminated Plaintiff's employment.  The company falsely claimed that he was laid off along with other support sales representatives.  However, this justification was just a pretext for retaliation.  Plaintiff was a top performer.  No other top performing employees were laid off.

33.     Oracle's compensation plans unlawfully stated that Oracle had the right to adjust the terms of the plan at any time, at the sole discretion of Oracle, for the purpose of addressing an earnings potential which is either beyond that reasonable contemplated by the company and/or which fails to reflect a reasonable valuation of the employees contribution.  In other words, Oracle could change the terms of the commission plan if Oracle unilaterally decided that Plaintiff made too much money. This was unconscionable at best. Plaintiff complained about this unlawful conduct and Oracle terminated him for doing so.

34.     Plaintiff complained about adverse treatment and action to Oracle.  However, the company failed to investigate and take effective corrective action, thereby condoning and ratifying the unlawful conduct.

35.     Plaintiff has no adequate remedy at law to secure relief for the unlawful conduct alleged in this complaint. If this court does not enter an order as requested, plaintiff will continue to

1  suffer irreparable harm.

2       36.     On or about September 11, 2012, Plaintiff notified the California Labor Workforce

3  Development Agency ("LWDA") about Defendant's violations of the Labor Code.  The LWDA did

4  not respond within 33 days.

5       37.     As a proximate result of the Defendants' acts, Plaintiff has suffered and continues to

6  suffer economic losses and interest thereon.  He has suffered and continues to suffer both physical and

7  non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish

8  all to Plaintiff's damage in an amount to be proven at trial.

9       38.     In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and

10  each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a

11  reckless indifference to statutorily protected rights and in conscious disregard of the rights, both

12  statutory and common law, guaranteed Plaintiff by  the State of California.  As such, Defendants are

13  guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to

14  be proven at trial.

15       39.     USERRA and the Labor Code provide that reasonable attorneys' fees and costs are

16  recoverable herein by the prevailing party, within the discretion of the court.  Plaintiff has retained

17  attorneys for the prosecution of this action.  As a result, Plaintiff is entitled to reasonable attorneys'

18  fees and costs herein incurred.

19                          **FIRST CAUSE OF ACTION**
                  **Retaliation In Violation of FLSA (29 U.S.C. § 415-416)**
20                          **(Against All Defendants)**

21       40.     Plaintiff incorporates paragraphs 1 through 39 through this reference.

22       41.     Under the FLSA (29 U.S.C. § 415-416), it is unlawful to retaliation against an

23  employee who complains about the failure to pay wages due and owing.

24       42.     Defendants subjected Plaintiff to adverse treatment and/or action.  Plaintiff's protected

25  activity was a motivating reason for the adverse action and treatment.

26       43.     As a proximate result of the Defendants' acts, Plaintiff has suffered and continues to

27  suffer economic losses and interest thereon.  He has suffered and continues to suffer both physical and

28  non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish

1    all to Plaintiff's damage in an amount to be proven at trial.

2        44.    In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and

3    each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a

4    reckless indifference to statutorily protected rights and in conscious disregard of the rights, both

5    statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendants are

6    guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to

7    be proven at trial.

8        45.    USERRA provides for an award of reasonable attorney's fees, expert witness fees, and

9    other litigation expenses to a prevailing Plaintiff, within the discretion of the court. Plaintiff has

10   retained attorneys for the prosecution of this action. As a result, Plaintiff is entitled to reasonable

11   attorneys' fees and costs herein incurred.

12       46.    Plaintiff alleges such violations of USERRA were willful and seeks liquidated damages

13   pursuant to 38 U.S.C.A. 4323(d)(1)(C).

14                        **SECOND CAUSE OF ACTION**
                   **Retaliation In Violation of Cal. Labor Code § 98.6.**
15                             **(Against All Defendants)**

16       47.    Plaintiff incorporates paragraphs 1 through 46 through this reference.

17       48.    Under California Labor Code Section 98.6, it is unlawful to retaliation against an

18   employee who complains about the failure to pay wages due and owing.

19       49.    Defendants subjected Plaintiff to adverse treatment and/or action. Plaintiff's protected

20   activity was a motivating reason for the adverse action and treatment.

21       50.    As a proximate result of the Defendants' acts, Plaintiff has suffered and continues to

22   suffer economic losses and interest thereon. He has suffered and continues to suffer both physical and

23   non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish

24   all to Plaintiff's damage in an amount to be proven at trial.

25       51.    In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and

26   each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a

27   reckless indifference to statutorily protected rights and in conscious disregard of the rights, both

28   statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendants are

guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

52.     Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute.   The Cal. Mil. & Vet. Code section 394(g) provides for an award of reasonable attorney's fees, and other litigation costs to a prevailing Plaintiff, within the discretion of the court.  Plaintiff has retained attorneys for the prosecution of this action. As a result, Plaintiff is entitled to reasonable attorneys' fees and costs herein incurred.

### THIRD CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

53.     The allegations of paragraphs 1 through 52 are re-alleged and incorporated herein by reference.

54.     California law prohibits an employer from terminating an employee in violation of fundamental public policies.   California maintains fundamental public policies prohibiting an employer from discriminating against, or terminating, an employee because he complained about the failure to pay wages due and owing.  These fundamental public policies are codified under, *inter alia*, California Labor Code § 98.6, and 29 U.S.C. § 415-416.  Defendants violated these fundamental public policies.

55.     Defendants subjected Plaintiff to adverse treatment and/or action.  Plaintiff's protected activity was a motivating reason for the adverse treatment and action.

56.     As a direct and proximate result of Defendants' wilful, knowing, and intentional harassment and discrimination, Plaintiff has suffered, and continues to suffer, humiliation, emotional distress, mental and physical pain and anguish, and the manifestations thereof, all to her damage in an amount to be proven at trial.

57.     In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiff by  the State of California.  As such, Defendants are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

WHEREFORE, plaintiff prays for judgment as follows:

1.      For an amount of liquidated damages, equal to the award of back pay and any other lost economic benefits, resulting from the willfulness of defendant's violation of plaintiff's rights under the Uniformed Services Employment and Reemployment Rights Act.

2.      For general damages in excess of the jurisdictional minimum of this Court, according to proof;

3.      For interest on the amount of losses incurred at the prevailing rate;

4.      For special damages according to proof;

5.      For punitive damages according to proof;

6.      Injunctive relief;

7.      For cost of suit, including reasonable attorneys' fees; and

8.      For such other and further relief as the Court may deem just and proper.

Dated: October 18, 2012                         BRYANT WHITTEN, LLP


                                                _____

                                                SHELLEY G. BRYANT, Attorneys for Plaintiff,
                                                MATTHEW ANASTASI